**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND,<br>                       Plaintiffs,<br>   v.<br>DEMOS PAINTING & DECORATING, INC., an Illinois corporation,<br>                       Defendant. | No. 21-CV-5127<br><br>Judge:<br><br>Magistrate Judge: |

## **COMPLAINT**

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, BRIAN C. JAMES, GRANT R. PIECHOCINSKI, and ARNOLD AND KADJAN LLP, complain against the Defendants, **DEMOS PAINTING & DECORATING, INC.**, an Illinois corporation, as follows:

## COUNT I Audit

### Jurisdiction and Venue

1. Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331. Jurisdiction is also founded on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (c) et seq., and federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended,

ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6. Defendant **DEMOS PAINTING & DECORATING, INC.** ("DEMOS"), an Illinois corporation, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about December 16, 2004, whereby DEMOS agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as "Exhibit A."

## The Agreements

7. Pursuant to the provisions of the Labor Agreement, DEMOS is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, DEMOS is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **DEMOS** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **DEMOS** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **DEMOS** to pay liquidated damages, interest, auditor's fees, and all attorney's fees and court costs incurred by the Funds in the collection process.

**The Claim**

9. DEMOS has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay all of the contributions for the period of April 1, 2021 to the present.

10. Plaintiffs require a fringe benefit audit for the period of April 1, 2021 to the present to determine the exact amount owed.

11. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from DEMOS.

12. DEMOS is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

13. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    (i) interest on the unpaid contributions; or

    (ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. That **DEMOS** be ordered to produce its books and records for a fringe benefit compliance audit for the period of April 1, 2021 to the present;

B. That judgment be entered in favor of Plaintiffs and against Defendant in the amount shown to be due on the fringe benefit compliance audit;

C. This Court enjoin DEMOS from violating the terms of the collective bargaining agreement and Trust Agreement by failing to make timely payments to the Funds and DEMOS be ordered to resume making those payments.

      D.      Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

      E.      This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

      Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By: /s/ Grant R. Piechocinski
      One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
BRIAN C. JAMES
GRANT R. PIECHOCINSKI
ARNOLD AND KADJAN LLP
35 East Wacker, Suite 600
Chicago, Illinois 60601
(312) 236-0415

5